## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00064-SCT

*ED BUELOW, CHAIRMAN OF MISSISSIPPI STATE TAX COMMISSION*

*v.*

*DAVID E. GLIDEWELL, INDIVIDUALLY, AND GLIDEWELL TRAILER SALES, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/1998 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | BOBBY R. LONG |
| | BRAD D. WILKINSON |
| ATTORNEYS FOR APPELLEES: | JOHN A. FERRELL |
| | DEBORAH GEORGE MARTIN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED -03/09/2000 |
| MOTION FOR REHEARING FILED: | 4/6/2000; denied 5/25/2000 |
| MANDATE ISSUED: | 6/15/2000 |

## BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.

## SMITH, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This is an appeal from the Chancery Court of Alcorn County, Mississippi, where Chancery Judge John C. Ross, Jr. vacated the order of the Mississippi State Tax Commission requiring David Glidewell and Glidewell Trailer Sales, Inc. (collectively referred to as "Glidewell") to pay sales taxes on trailers sold to out-of-state residents and ordered a refund of those taxes paid.

### STATEMENT OF FACTS

¶2. David Glidewell and his wife, Pat Glidewell, have operated Glidewell Trailer Sales, Inc., in Alcorn County, Mississippi, since 1991. David Glidewell operated the business as a sole proprietorship until December 1993, when the business was incorporated. The business predominantly sells enclosed trailers which vary in size from five feet wide by eight feet long to eight feet wide by fifty-two feet long. The business often sells trailers to out-of-state residents. Glidewell did not collect sales tax on the sales to out-of-state residents.

¶3. In 1996, the Mississippi State Tax Commission (hereinafter "the Commission") performed a sales tax audit on Glidewell Trailer Sales, Inc., for the period from January 1, 1993, through August 31, 1995. The audit resulted in a sales tax assessment upon the sales to out-of-state residents. For the period from January

1, 1993, through November 30, 1993, sales taxes in the amount of $3,930.22, plus interest and penalties of $1,591.74, were levied against Glidewell personally as he was operating the business as a sole proprietorship during that period. For the period from December 1, 1993, through August 31, 1995, sales taxes in the amount of $27,195.85, plus interest and penalties of $6,908.42, were levied against the corporation.

¶4. During the audit period, the sales tax on retail sales of personal property was seven percent. Miss. Code Ann. § 27-65-17(1) (Supp. 1992). A reduced rate of three percent applied to the sale of semitrailers. *Id.* During the audit period, Miss. Code Ann. § 27-65-101(1)(s) (Supp. 1992), provided a sales tax exemption for the gross proceeds from the sale of semitrailers if the semitrailers were exported from the state within forty-eight hours and registered and first used in another state.[1] This exemption, promulgated in April 1990, is commonly known as the "forty-eight hour drive out rule."

¶5. The auditor concluded that the trailers sold by Glidewell to out-of-state residents were not "semitrailers" within the meaning of the drive out rule. The sales tax statutes do not contain a definition of "semitrailer." However, Rule 25 of the Commission's Sales Tax Rules defines "semitrailer" as "one that is attached to and moved by a truck-tractor." "Truck tractor" is not defined by the tax statutes or rules, but is defined in Webster's dictionary as "a motive power unit in the form of a truck with short chassis and no body used in a combination highway freight vehicle." Truck tractors are also known as "semitrailer trucks" or "semitrucks." Rule 25 was promulgated in September 1991, subsequent to the adoption of the drive out rule in April 1990. Miss. Code Ann. § 27-19-3(8) (Supp. 1992), during the audited period, defined "semitrailer" as "every vehicle (of the trailer type) so designed and used in conjunction with a motor vehicle that some part of its own weight and that of its own load rests upon or is carried by another vehicle."[2] Section 29-19-3 appears in the privilege tax statutes. Miss. Code Ann. § 63-3-107(b) (1996) contains the same definition. Section 63-3-107 is found within the provisions entitled "Traffic Regulations and Rules of the Road." Both § 27-19-3(8) and § 63-3-107(b) were on the books at the time the drive out rule was adopted.

¶6. Glidewell appealed the assessment to the Tax Commission Board of Review. Applying the definition of semitrailer contained in Sales Tax Rule 25, the Board of Review found that the trailers sold by Glidewell were not "semitrailers" because they were not designed to be pulled exclusively by a truck tractor. The Board of Review affirmed the assessment, but dropped the penalty and interest because Glidewell had complied with all other tax laws and because Glidewell had apparently relied on inaccurate information from a Commission employee regarding the proper taxation of the sales to out-of-state residents. Glidewell then appealed to the full Commission, which, after a hearing on August 28, 1996, affirmed the reduced assessment as to David Glidewell and Glidewell Trailer Sales, Inc. Again applying the definition found in Sales Tax Rule 25, the Commission found that the trailers sold by Glidewell were not "semitrailers."

¶7. Glidewell paid the assessed taxes and, pursuant to Miss. Code Ann. § 27-65-47 (1990), filed a Complaint to Recover Improperly Collected Sales Taxes on January 30, 1997, in the Chancery Court of Alcorn County, Mississippi. The chancery court held a hearing on October 7, 1998, and entered its opinion and judgment on November 30, 1998. The chancellor found that the Commission acted in an arbitrary and capricious manner in affirming the decision of the Board of Review. The chancellor determined that the Commission should have applied the definition of "semitrailer" in § 27-19-3(8), rather than that in Sales Tax Rule 25. The chancellor concluded that the trailers met the definition in § 27-19-3(8), the definition in Sales Tax Rule 25 notwithstanding. The chancery court vacated the order of the Commission and ordered a full refund of all taxes paid by Glidewell, plus penalties and interest.

¶8. The Commission timely filed its notice of appeal on December 30, 1998. The Commission raises the following issues:

**I. THE LOWER COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT IN FAVOR OF THE COMMISSION.**

**II. GLIDEWELL FAILED TO ESTABLISH HIS RIGHT TO THE EXEMPTION.**

**III. THE LOWER COURT ERRED IN DETERMINING THAT THE COMMISSION'S DECISION IN AFFIRMING THE SALES TAX ASSESSMENT WAS ARBITRARY AND CAPRICIOUS.**

**IV. THE TRAILERS SOLD BY GLIDEWELL DURING THE AUDIT PERIOD DO NOT MEET THE DEFINITION OF "SEMITRAILERS" IN SALES TAX RULE 25.**

## STANDARD OF REVIEW

¶9. In reviewing the order of a state agency, the trial court and this Court are limited by the arbitrary and capricious standard. *Mississippi State Tax Comm'n v. Mask*, 667 So. 2d 1313, 1315 (Miss. 1995) (citing *Mississippi State Tax Comm'n v. Dyer Inv. Co.*, 507 So. 2d 1287, 1289 (Miss.1987)). An appeal of an agency decision should be to determine whether the order of the administrative agency "(1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party." *Mississippi State Tax Comm'n v. Vicksburg Terminal, Inc.*, 592 So. 2d 959, 961 (Miss.1991) (quoting *Mississippi State Tax Comm'n v. Mississippi-Ala. State Fair*, 222 So. 2d 664, 665 (Miss.1969)).

¶10. This Court has generally accorded great deference to an administrative agency's construction of its own rules and regulations and the statutes under which it operates. *Mask* at 1314 (citing *Melody Manor Convalescent Ctr. v. Mississippi State Dep't of Health*, 546 So. 2d 972, 973 (Miss.1989); *General Motors Corp. v. Mississippi State Tax Comm'n*, 510 So. 2d 498, 502 (Miss.1987)). Notwithstanding this Court's ordinarily de novo review of questions of law, this Court has "accepted an obligation of deference to agency interpretation and practice in areas of administration by law committed to their responsibility." *Gill v. Mississippi Dep't of Wildlife Conserv.*, 574 So. 2d 586, 593 (Miss. 1990). This Court has noted that "[a]n agency's interpretation of a regulation it has been authorized to promulgate is entitled to great deference and must be upheld unless it is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Tower Loan of Miss., Inc. v. Mississippi State Tax Comm'n*, 662 So. 2d 1077, 1081 (Miss. 1995) (quoting *Board of Trustees of State Insts. of Higher Learning v. Sullivan*, 763 F.Supp. 178, 184 (S.D.Miss.1991)).

## DISCUSSION OF LAW

**I. THE LOWER COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT IN FAVOR OF THE COMMISSION.**

¶11. The Commission requested a directed verdict at the close of Glidewell's case-in-chief, arguing that Glidewell failed to offer evidence of all requisite elements of the drive out exemption. The chancellor stated

that he would defer ruling on the motion until the close of all evidence, and he subsequently denied the motion in his final opinion. On appeal, the Commission asserts that the chancellor erred in denying its request for a directed verdict.

¶12. This case was tried by the trial court without a jury. Therefore, the correct name for the Commission's motion is not a motion for a directed verdict but a motion to dismiss pursuant to Miss. R. Civ. P. 41(b). *See Stewart v. Merchants Nat'l Bank*, 700 So. 2d 255, 258-59 (Miss. 1997); *Davis v. Clement*, 468 So. 2d 58, 61-62 (Miss. 1985). Unlike the standard of review for a motion for a directed verdict, a motion to dismiss in a non-jury case requires the trial court to consider the evidence fairly and to give it such weight and credibility as the trial judge finds is appropriate. *Id.* The motion should be denied if the evidence viewed in that light and left unrebutted would entitle the plaintiff to judgment. *Id.* On the other hand, the motion should be granted if the plaintiff has failed to prove one or more essential elements of his claim or if the quality of the proof offered is insufficient to sustain the plaintiff's burden of proof. *Id.* Since the trial court here denied the motion after reception of all of the evidence, we too will review all of the evidence in reviewing the denial of the Commission's motion.

¶13. This Court has stated that a tax exemption is to be construed strictly against the one claiming the exemption. *Fuel Servs., Inc. v. Rhoden*, 245 So. 2d 600, 602 (Miss. 1971). "The presumption is in favor of the taxing power, and the burden is on the claimant to prove or establish clearly his right to exemption . . . ." *Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 16 (Miss. 1995) (quoting *Mississippi State Tax Comm'n v. Medical Devices, Inc.*, 624 So. 2d 987, 990-91 (Miss. 1993)). In order to establish his right to the exemption at issue, Glidewell must first show that he was required to pay the tax. *See* Miss. Code Ann. § 27-65-47 (1990). Second, he must show that he alone bore the burden of the tax and did not directly or indirectly collect the tax from his customers. *See* Miss. Code Ann. § 27-65-49 (1990). Third, the suit must be filed within three years from the date the return was filed or from the time the assessment was made. *Id.* Finally, Glidewell must prove the required elements of the particular exemption claimed. Section 27-65-101(1) provides: "The tax levied by this chapter shall not apply to the following: ... (s) The gross proceeds from the sale of semitrailers if exported from this state within forty-eight (48) hours and registered and first used in another state." Thus, in order to claim the exemption, Glidewell must clearly show that:

> (1) all the trailers sold were semitrailers under the sales tax law;

> (2) the trailers were exported from the state within forty-eight hours;

> (3) the trailers were registered and first used in another state.

*See* § 27-65-101(1)(s).

¶14. The chancellor found as follows:

> Plaintiffs have met their burden of proof by establishing that the additional sales tax assessments in this case were improperly charged and collected. The evidence is also clear that the Plaintiffs alone bore the burden of paying the tax and plaintiffs timely filed their Complaint to have the taxes refunded to them. Defendant's Motion for Directed Verdict is therefore overruled.

The Commission contends that the chancellor erred in denying its motion because, regardless of whether the trailers sold were "semitrailers," Glidewell submitted no proof that the trailers were exported from the state

within forty-eight hours and that the trailers were registered and first used in another state.

¶15. The Commission is correct in stating that Glidewell submitted insufficient proof that the trailers were exported from the state within forty-eight hours and that the trailers were registered and first used in another state. As Glidewell submits, there was ample proof that the trailers at issue were sold to out-of-state residents. Nevertheless, the fact that the trailers were sold to out-of-state residents does not demonstrate that they were exported from the state within forty-eight hours or that they were properly registered and first used in that state. The only evidence regarding the second element, that the trailers were exported from the state within forty-eight hours, is found in the auditor's report. The report states that the auditor contacted all customers who purchased the trailers in question. The auditor noted that some of the trailers were delivered to the state line, but that others were picked up by the customers at Glidewell's lot in Corinth or at the manufacturer. The second element may have been established as to some of the trailers at issue, but certainly not all. Glidewell offered no evidence whatsoever regarding the third element, that the trailers were registered and first used in another state. Because Glidewell failed to offer evidence of all requisite elements of the exemption, there is no question of fact as to whether Glidewell is entitled to the exemption.

¶16. In affirming the assessment of the Board of Review, the Commission stated only that trailers sold by Glidewell did not satisfy the definition of "semitrailer" in Sales Tax Rule 25, which defines semitrailer as "one which is attached to and moved by a truck tractor." Glidewell asserts that the ultimate issue in this case centers around the definition of the term "semitrailer." In the hearing before the chancellor, all evidence submitted by Glidewell went to the question of whether the trailers sold by Glidewell were "semitrailers" within the meaning of the exemption. Still, there were two remaining factors for which Glidewell was required to offer proof in order to claim the exemption. Regardless of whether Glidewell offered sufficient proof to demonstrate that the trailers were "semitrailers" within the meaning of the exemption, he failed to establish the two remaining factors -- that is, that the trailers were exported from the state within forty-eight hours and that they were registered and first used in another state. The chancellor erred in denying the Commission's motion. Finding that this dispositive issue requires reversal, we decline to address the other errors asserted by the Commission.

## CONCLUSION

¶17. Glidewell failed to establish the requisite elements of the exemption contained in § 27-65-101(1)(s). Therefore, the chancellor erred in denying the Commission's motion. The judgment of the chancery court is reversed and rendered, and the order of the Tax Commission is reinstated.

¶18. **REVERSED AND RENDERED.**

### PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.

1. Section 27-65-101(1)(s) was amended in 1998 to exempt semitrailers, trailers, boats, travel trailers, motorcycles, and all-terrain vehicles. Miss. Code Ann. § 27-65-101(1)(s) (Supp. 1999). The Tax Commission no longer makes a distinction between semitrailers and trailers for the purposes of the exemption. Of course, the amendment does not apply to the case at hand as the audit period spanned from 1993 to 1995.

2. Section 27-19-3(8) was amended in 1997 to conform to the definition of "semitrailer" found in Rule 25.

Miss. Code Ann. § 27-19-3(8) (Supp. 1999). Again, this amendment does not apply in the case at hand as the audit period spanned from 1993 to 1995.