**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2000-CT-00826-SCT**


*NICHOLAS MARK ARONSON*

*v.*

*THE UNIVERSITY OF MISSISSIPPI*


**ON WRIT OF CERTIORARI**


| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2000 |
| TRIAL JUDGE: | HON. GLENN ALDERSON |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN L. MAXEY, II |
| | JOHN F. HAWKINS |
| ATTORNEYS FOR APPELLEE: | MARY ANN CONNELL |
| | L. LEE TYNER, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES THOMAS RUBISOFF |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 10/10/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/31/2002 |


**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Nicholas Mark Aronson's breach of contract action against the University of Mississippi was dismissed in the chancery court. The Court of Appeals reversed the dismissal of Aronson's case, rendered judgment in favor of Aronson on the merits of his claim and remanded the matter for calculation of Aronson's damages. We granted certiorari to consider the questions presented. After consideration we reverse the judgments of the Court of Appeals and the chancery court and remand to the chancery court for further

proceedings.

## FACTS

¶2. In 1997, Nicholas Aronson, who was then a high school senior in Marietta, Georgia, was in the process of deciding where to go to college. He obtained a 1997 school catalog from the University of Mississippi ("Ole Miss"). In the catalog's section on scholarships, Aronson was particularly interested in the John N. Waddell Scholarship which was awarded to out-of-state entering freshmen who were otherwise qualified. The amount of the scholarship was $4000 over four years, plus a waiver of the out-of-state tuition fee.

¶3. Aronson applied to and was admitted by Ole Miss in November, 1997, for the 1998-99 academic year. In April, 1998, Aronson paid fees for orientation and a dormitory room deposit to preserve his placement at Ole Miss. Prior to June, 1998, Aronson's stepfather, Larry Shealy, called the Ole Miss financial aid department to confirm the Waddell Scholarship requirements and the nature of the award.

¶4. In June, 1998, Aronson attended freshman orientation at Ole Miss. At that time, he was given a copy of the 1998 catalog, which showed that the Waddell Scholarship had changed from $4,000 to $2,000 over four years, but still contained the waiver of out-of-state tuition. Shealy visited Cathey Morrison, the Assistant Director of Admissions, who informed him that the criteria for the scholarship had changed and that Aronson did not qualify for the out-of-state tuition waiver. She further informed Shealy that the scholarship had been reduced to $2,000, payable over four years.

¶5. Shealy then discussed this matter with several other Ole Miss officials, who acknowledged the scholarship terms as contained in the 1997 and 1998 school catalogs, but stated that there had been an error in the printing of the 1997 catalog and Ole Miss would not honor the scholarship terms as stated in the 1997 catalog.

¶6. Aronson filed a complaint against Ole Miss in Hinds County Chancery Court, alleging breach of contract and asking for declaratory and injunctive relief. Venue was subsequently transferred to Lafayette County.

¶7. During trial, at the conclusion of Aronson's case in chief, Ole Miss moved to dismiss. Granting the motion, the chancery court found as follows: (1) As a state-supported institution, Ole Miss would not be held to the same standard as a private corporation in matters of contract; (2) A contract had not been established; (3) While the terms of the catalog could be relied upon, the complete catalog had to be considered, including the following provision:

> This catalog is not an unchangeable contract but, instead, an announcement of present policies only. Implicit in each student's matriculation with the University is an agreement to comply with the University rules and regulations which the University may modify to exercise properly its educational responsibility.

(4) The disclaimer was "not the best," but was "adequate"; and (5) "Without having the right to change it [the catalog contents], there's no way the university could exist."

¶8. The case was appealed and assigned to the Court of Appeals. *See Aronson v. Univ. of Miss.*, No. 2000-CA-00826-COA (Miss. Ct. App. Oct. 2, 2001). The Court of Appeals found as follows: (1) A contract between Aronson and Ole Miss pertaining to the Waddell scholarship was made when Aronson

indicated his acceptance of the conditional offer by the submission of his orientation fees and dormitory room deposit in April of 1998; (2) The terms of the contract were contained in the 1998 catalog; (3) The reasons for the change as to the terms of the Waddell Scholarship were not academic; (4) The disclaimer contained in the catalog only allowed for changes designed to further Ole Miss' "educational responsibility"; (5) The change in terms of the Waddell Scholarship did not concern Ole Miss' "educational responsibility"; and (6) As a result, if Aronson honored the conditions of the Waddell Scholarship as provided in the 1998 catalog, then "he had a reasonable expectation and an entitlement to receive the full four years of scholarship."

¶9. Accordingly, the Court of Appeals reversed the judgment of the chancery court, rendered judgment for Aronson, and remanded the case to the chancellor to calculate damages and enter an appropriate award for Aronson.

¶10. We unanimously granted certiorari. *See **Aronson v. Univ. of Miss.**￼*, 822 So. 2d 974 (Miss. 2002) (table). Ole Miss raises three issues on certiorari. Because we find the first issue dispositive, discussion of the other two issues is not necessary.

## DISCUSSION

¶11. As a preliminary matter, because this case was tried without a jury, the motion made at the close of Aronson's case-in-chief should be termed a motion to dismiss instead of a motion for directed verdict. *Buelow v. Glidewell*, 757 So. 2d 216, 220 (Miss. 2000). Rule 41(b) of the Mississippi Rules of Civil Procedure provides that such a motion is made when a defendant contends that, upon the facts and the law, the plaintiff has shown no right to relief. Such a motion to dismiss

> requires the trial court to consider the evidence fairly and to give it such weight and credibility as the trial judge finds is appropriate. The motion should be denied if the evidence viewed in that light and left unrebutted would entitle the plaintiff to judgment. On the other hand, the motion should be granted if the plaintiff has failed to prove one or more essential elements of his claim or if the quality of the proof offered is insufficient to sustain the plaintiff's burden of proof.

*Buelow*, 757 So.2d at 220 (citations omitted).

¶12. We review the grant of a motion to dismiss in a non-jury case by considering all of the evidence. *Id.* In doing so, we defer to the trial court's findings of fact but review de novo legal conclusions. *Holliman v. Charles L. Cherry & Assocs., Inc.*, 569 So. 2d 1139, 1145 (Miss. 1990).

### I. WHETHER THE COURT OF APPEALS DISPOSITION OFFENDS FUNDAMENTAL FAIRNESS, VIOLATES THE MISSISSIPPI RULES OF CIVIL PROCEDURE, AND VIOLATES OLE MISS' BASIC RIGHT TO A HEARING.

¶13. Ole Miss argues that rendering judgment for the plaintiff in reviewing a trial court's dismissal under M.R.C.P. 41(b) is improper. Ole Miss cites Art. 3, § 25 of the Mississippi Constitution which provides that "[n]o person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Furthermore, Ole Miss points out that M.R.C.P. 41 provides that a defendant does not waive his right to offer evidence or put on his defense by moving for dismissal at the close of the plaintiff's case. One of the assertions made by Ole Miss is that, if allowed to put on its case, the evidence would show that it had changed the terms of the Waddell

Scholarship in the summer of 1997 for the incoming class of 1998, more than nine months before Aronson claims that he accepted the scholarship according to its terms. Ole Miss also claims that the evidence would show that it had communicated these changes to prospective students in a variety of ways. In addition to the disclaimer previously cited, the 1997 and 1998 catalogs also contained the following:

> It is the intent of the University to keep at a minimum the necessary expenses of its students. Changes are made in fees to benefit the students whenever possible. Increases are put into effect only when public support funds are inadequate and when no other recourse is available; therefore, the University must reserve the right to increase or modify fees and tuition without prior notice, upon approval by the Board of Trustees.

¶14. We find, under the standard announced in ***Buelow v. Glidewell***, that the chancery court erred in granting the motion to dismiss, as there arguably was evidence which might entitle Aronson to a judgment. We further find that the Court of Appeals erred in rendering judgment in favor of Nicholas Aronson where only his case-in-chief has been presented. Ole Miss should have the opportunity to present a defense.

## <u>CONCLUSION</u>

¶15. The judgments of the Court of Appeals and the chancery court are reversed, and this case remanded to the Lafayette County Chancery Court for further proceedings consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

> **PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**